UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BONNIE K. BOLF,

          Plaintiff,

vs.

          Case No. 07-CV-10358

          HON. GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL
SECURITY,
          Defendants.

_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Bonnie Bolf seeks to overturn a decision of the Commissioner of Social Security denying her disability benefits. Plaintiff and defendant both filed motions for summary judgment which this court referred to Magistrate Judge Majzoub. Judge Majzoub has now issued her Report and Recommendation which recommends that both motions for summary judgment be denied and that the matter be remanded to the Commissioner to clarify his credibility determination of claimant Bolf. The Commissioner has filed objections to that Report. This court has reviewed and carefully considered the Report and Recommendation, the entire record, and the objections filed. This court makes a de novo review of the portions of the Report and Recommendation to which objections have been made. 28 U.S.C. § 636(b)(1)(c).

Bolf has a history of back trouble, dating back to 1993, which was seriously aggravated when she fell off a riding lawnmower in 2002. Plaintiff underwent spinal

fusion surgery on February 14, 2003, and has been out of work since that time. Prior to her accident, plaintiff worked as a mammographer/radiographer for twelve years. She filed an application for Disability and Disability Insurance Benefits on September 8, 2003. The Social Security Administration denied benefits and Bolf appealed that decision to Administrative Law Judge (ALJ) Micheal E. Finnie who ruled that Bolf was not entitled to a period of disability or Disability Insurance Benefits. The issue for review here is whether the denial of benefits was supported by substantial evidence on the record. Magistrate Judge Majzoub found that the ALJ's determination that plaintiff has the residual functional capacity for a limited range of light work was supported by substantial evidence in the record, but held that the case should be remanded because his finding that Bolt's testimony was not entirely credible was not supported by substantial evidence.

The ALJ ruled that plaintiff's testimony was not credible and he rejected it. Specifically, he found that:

> [a]fter considering the evidence of record, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, duration, and limiting effects of these symptoms are not entirely credible. Her allegations regarding the physical condition are not supported to the extent alleged by her history of medical treatment, the objective medical evidence, and the treating doctor's observations and opinions.

An ALJ's credibility determinations about a claimant "are to be given great weight 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility.'" Cruse v. Commissioner of Social Security, 502 F.3d 532 (6th Cir. 2007) (citations omitted). In determining the credibility of the claimant, the court must consider

2

the whole record. 61 Fed. Reg. 34483-86. Furthermore, the ALJ's credibility determination must contain "specific reasons .. . supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." 61 Fed. Reg. 34483, 34486.

In this case, Magistrate Judge Majzoub found that the ALJ's finding that plaintiff's "statements concerning the intensity, duration, and limiting effects of these symptoms are not entirely credible," was not specific enough. Judge Majzoub cited to the Regulations which provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." 20 CFR § 404.1529(c)(2). Judge Majzoub states that the Regulations require the ALJ to consider (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of claimant's pain, (3) precipitating and aggravating factors, (4) the type, dosage, effectiveness and side effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for pain relief, (6) any measures used to relieve the pain, and (7) functional limitations and restrictions due to the pain. 20 C.F.R. § 404.1529 (c)(3), <u>Felisky v. Bowen</u>, 35 F.3d 1027, 1039-40 (6th Cir. 1994).

The ALJ did not address these factors in his written opinion in violation of the regulations set forth at 20 C.F.R. § 404.1529(c)(3). In his objections, the Commissioner admits that the ALJ did not consider these factors in his opinion, but argues that the error was harmless because her claims of disabling pain and fatigue are not supported

by objective medical evidence.  In support of this argument, the Commissioner cites to Wilson v. Commissioner of Social Security, 378 F.3d 541, 547 (6th Cir. 2004).  Wilson does not support defendant's argument.  In Wilson, the Sixth Circuit found that the ALJ failed to articulate reasons for discounting the opinion of the claimant's treating physician in violation of the agency's procedural rules, and thus vacated the judgment of the district court which affirmed the ALJ's decision.  Id. at 543.  The Sixth Circuit explained that "[i]t is an elemental principle of administrative law that agencies are bound to follow their own regulations."  Id. at 545.  The Sixth Circuit found that the ALJ failed to apply the factors set forth by the regulations to find that a treating physician's opinion is not credible.  Id.  The regulations required that the ALJ apply certain factors such as the length of the treatment relationship, the consistency of the opinion, and the nature of the treatment relationship.  Id. at 544.  The Sixth Circuit explained that the ALJ's summary dismissal failed to meet the requirement that the ALJ give good reasons for rejecting the treating physician's opinion.  Id. at 545.

On appeal, the Commissioner argued that the error was harmless so the ALJ's denial of benefits should be upheld.  The Sixth Circuit rejected the harmless error argument explaining that "a procedural error is not made harmless simply because [the aggrieved party] appears to have had little chance of success on the merits anyway."  Id. at 546 (citations omitted).  That being said, the Sixth Circuit recognized that there might be a case where the treating physician's opinion was so patently deficient that the failure to explain the reasons for the rejection of the opinion might amount to harmless error.  Id. at 547.

The Sixth Circuit distinguished its case from a footnote in NLRB v. Wyman-

Gordon, 394 U.S. 759, 766 n.6 (1969), which the defendant seeks to rely on here. Just as Wyman-Gordon was distinguishable from the facts of Wilson, it is inapplicable here. That case involved proceedings by the National Labor Relations Board for enforcement of a subpoena which ordered the employer to furnish names and addresses of employees eligible to vote in representation elections. Id. In Wyman-Gordon, the Supreme Court noted that in a footnote that remand to the NLRB "would be an idle and useless formality" which would "convert judicial review of agency action into a ping-pong game." Id. In our case, by contrast, remand would not be a useless formality.

Bolt's testimony before the ALJ was not so patently deficient that the ALJ would be exempt from the procedural requirement that he explain the factors used in discrediting her testimony. Plaintiff testified that she could not perform basic housekeeping such as vacuuming. She testified that she could not mow the lawn but could only do light gardening, such as weeding with a long hoe, as long as she took frequent breaks. She testified that she had difficulty doing the laundry and needed her husband's help to carry a load of towels. She testified that she had trouble lifting something as light as laundry detergent or fabric softener. Similarly, she testified that it was difficult for her to lift a gallon of milk and that if she did, she suffered back and leg pain.

She testified that she can stand and do certain things for only about half an hour before she needs to sit or lay down because of the pain in her legs and down her back. As to the location, duration, frequency and intensity of her pain, plaintiff testified that on a daily basis her pain was between six and seven on a scale of one to ten. She stated that she has trouble sleeping at night. At the hearing, the ALJ asked plaintiff how often

she found herself lying down in a day due to pain, and plaintiff testified about five to six times a day. Plaintiff testified that the pain intensified with increased activity. She also testified that she takes Vicodin for pain and undergoes physical therapy. At the hearing, the vocational expert testified that if plaintiff's testimony was credited, then plaintiff could not perform her past relevant work or any other competitive employment. Given plaintiff's testimony combined with that of the vocational expert, it cannot be said that remand would be a "useless formality."

In sum, the ALJ failed to follow the agency regulations in discrediting plaintiff's testimony. Accordingly, this case shall be remanded so that the ALJ may conduct an assessment of plaintiff's credibility with the specificity required under the agency's rules.

The Report and Recommendation of Magistrate Judge Majzoub hereby is ACCEPTED as the findings and conclusions of this court.

IT IS FURTHER ORDERED that defendant's and plaintiff's motions for summary judgment hereby are DENIED and this case is REMANDED back to the Commissioner for further proceedings consistent with this opinion and the Report and Recommendation.

Dated: March 20, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
March 20, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk